IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOSE TIRADO NIEVES,
    Defendant.

CRIMINAL NO. 17-513 (ADC)

**OBJECTIONS TO THE PRE-SENTENCE REPORT**

Mr. Jose Tirado Nieves, through the undersigned attorney, and pursuant to Fed.R. Crim.P. 32 (f)(1)&(2), respectfully objects to portions of the Pre-Sentence Report filed on June 22, 2018, (D.E. 33)[1], Amended Pre-Sentence Report filed on August 30, 2018, (D.E. 36), and the Addendum to the Pre-Sentence Investigation Report filed on August 30, 2018, (D.E. 36).

The first objection stems from Page 10, Paragraph 42: the imposition of one criminal history point for a misdemeanor conviction in 2006:

| 42. | 10/07/2005 (Age 23) | Resisting Public Authorities, Violation of Art. 252 of the PR Penal Code, Cr. No. FOP2005M0045/ Carolina Superior Court, Carolina, PR | 05/30/2006: Pled guilty. Sentenced to 30 days of imprisonment. | 1 |
|---|---|---|---|---|

Pursuant to U.S.S.G. § 4A1.2(e)(2), a prior sentence of imprisonment not exceeding one year and one month, that was imposed more than ten years before the defendant's commencement of the instant offense is not counted. Moreover, U.S.S.G. § 4A1.2(c)(1) lists a number of misdemeanor charges that should always be excluded from criminal history computation. "Resisting Arrest" is one of the enumerated charges.

---

[1] Informal Objections were delivered, via electronic mail, to Assistant U.S. Marie Cristine Amy, and U.S. Probation Officer Annette Acevedo, on August 14, 2018.

This conviction, therefore, should not be counted in Mr. Tirado Nieves' criminal history computation. He should have a criminal history score of six, not seven, and should be a criminal history category of three, not four.

The second objection stems from page 7, paragraph 30 and Footnote 3: to imposing a 4 level increase, because it would be contrary to the spirit and purpose of

> 30. **Specific Offense Characteristics:** Since the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, a four level increase is warranted pursuant to 2K2.1(b)(6)(B)[3].    +4

> [3] The agents found and seized drug paraphernalia and one (1) small pink plastic bag with apparent marijuana.
> 7

§2K2.1(b)(6):

**The 4 point enhancement, under § 2K2.1(b)(6), is not warranted**

As noted throughout the PSI Report, and in Footnote 3, aside from the firearms, the only controlled substance found in the apartment was one small, pink bag of marijuana. There is no suggestion, or evidence, that Mr. Tirado Nieves was selling or distributing controlled substance. Simple possession of a controlled substance is not sufficient to apply the enhancement. In her Addendum to the Pre-Sentence Investigation Report (D.E. 36), U.S. Probation Officer Acevedo explains that the basis for the enhancement is that it she believed the evidence shows that Mr. Tirado Nieves was engaged in drug trafficking.



*Photo provided in discovery*

The defense disagrees that the evidence shows that Mr. Tirado Nieves was engaged in drug trafficking and Mr. Tirado Nieves denied ever engaging in any such conduct:

1) As evidenced by the Indictment (D.E. 12), the government does not believe that Mr. Tirado Nieves was engaged in drug trafficking or distribution, as no drug related charges were filed against him;

2) ATF Special Agent Jose E. Burgos did not believe Mr. Tirado Nieves was engaged in drug trafficking or distribution, as no drug related charges were alleged in the Criminal Complaint (D.E. 1);

3) Neither the confidential caller nor the PRPD officers involved in the case believed Mr. Tirado Nieves was engaged in drug trafficking or distribution, as nothing to the effect was mentioned in the confidential call report, any of the PRPD's reports, nor the affidavit in support of the state search warrant.

The case law is clear that the "In connection with" language found in U.S.S.G. § 2K2.1(b)(6) is equivalent to the "in relation to" language of 18 U.S.C. § 924(c), which penalizes the use or carrying of firearm during and in relation to a crime of violence or drug trafficking offense. *U.S. v. Spurgeon*, 117 F.3d 641 (1997). The "in connection with another felony offense" enhancement only applies "if the firearm … facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(A).

The court in *U.S. v. Blankenship,* 552 F.3d 703 (2009), found that the enhancement was not warranted for defendant who was convicted of possessing an unregistered firearm while being a methamphetamine user, because the "defendant possessed a user amount of methamphetamine in his automobile, there was no evidence or allegation that defendant was a drug trafficker, and nothing indicated that the firearms facilitated the drug possession."

Similarly, in *U.S. v. Smith*, 535 F.3d 883 (2008), the enhancement was found not to apply because the "defendant possessed only an unmeasured quantity of methamphetamine residue in a baggie, defendant did not venture into public with either the methamphetamine residue or the firearms; he simply possessed them in

his home, and there was no evidence of temporal link between firearms and greater amount of methamphetamine."

Unlike in this case, the court in *U.S. v. Hallam*, 407 F.3d 942 (2005), found that the "in connection with another felony offense" enhancement was warranted because upon executing a search warrant at the defendant's residence, police found, in addition to several firearms, drug paraphernalia *associated with manufacture and distribution* of methamphetamine, as well as finished product and large amount of cash. Here, no such evidence was found.

Application Note 14(A) to § 2K2.1(b)(6), added in 2006, provides that the "in connection with" adjustment will apply *"if the firearm … facilitated, or had the potential of facilitating, another felony offense."* U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(A). Prior to the note's addition, the guidelines were silent on the definition of "in connection with," and case law routinely upheld the adjustment when weapons and drugs were in the same vicinity, regardless of whether the underlying drug offense was for possession or trafficking. *E.g., United States v. Linson,* 276 F.3d 1017, 1018-19 (8th Cir.2002).

However, with the addition of Application Note 14, the Sentencing Commission decided to make a distinction between the factual circumstances of when the other felony was a drug trafficking offense, or alternatively, a simple drug possession offense. If the felony is for drug trafficking, Application Note 14(B) mandates application of the adjustment if guns and drugs are in the same location. U.S.S.G. § 2K2.1(b)(6) cmt. n. 14(B). *See United States v. Fuentes Torres,* 529 F.3d 825, 827 (8th Cir.2008) (discussing the new application notes to U.S.S.G. § 2K2.1(b)(6) and noting that the Commission treated drug possession and trafficking offenses differently).

Application Note 14(A) has also been construed in the context of a drug possession, as opposed to trafficking, case. In *United States v. Smith, Supra* at 885, the circuit court reversed the district court's application of the 2K2.1(b)(6) adjustment, holding that there was no evidence the firearm and the methamphetamine possessed were connected. In *Smith*, the defendant, who plead guilty to being a possessor of methamphetamine residue while also having firearms, was not a drug trafficker, but simply a user of methamphetamine. In fact, the police

only found methamphetamine *residue* in Smith's house when Smith was arrested. The district court had concluded that since the risk of violence was increased by the use of drugs and possession of firearms, the adjustment should apply. Citing Application Note 14(A), the circuit court reversed, holding that in this unusual case, the evidence was insufficient to show that the firearms facilitated Smith's possession of methamphetamine. *Id.* One important factor was that Smith possessed the guns and drug residue in his own home, making it more likely that it was just coincidence that he possessed both simultaneously in the residence. *Id.* at 885-86; *see also United States v. Almeida-Perez,* Nos. 07-2602, 07-2635, 2008 WL 5214949 (8th Cir. Dec.16, 2008) (remanding for required 2K2.1(b)(6) finding).

Mr. Tirado Nieves possessed what is, undeniably, a "user" amount of marijuana, and there is no evidence or allegation he is a drug trafficker. Most importantly, there is simply no evidence that the paraphernalia and residue were in any way connected to the firearms.

**WHEREFORE**, Mr. Tirado Nieves respectfully requests this court note the above and Order the Pre-Sentence Investigation Report amended accordingly.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, October 2, 2018.

**ERIC A. VOS, ESQ.**
**Federal Public Defender**
**District of Puerto Rico**
*S/Juan J. Michelen*
Juan J. Michelen
Assistant Federal Public Defender
USDC-PR G02601
241 F.D. Roosevelt Avenue
San Juan, PR  00918-2305
Phone No. (787) 281-4922
Fax No. (787) 281-4899
Email: juan_michelen@fd.org